UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONY KHANUK, as Trustee of the TONY KHANUK REVOCABLE TRUST, and JERRY CHUNG, an individual, | ) ) ) ) |
| Plaintiffs, | ) Case No. |
| v. | ) ) |
| AEVUM, INC., a Delaware corporation, | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, Tony Khanuk, as Trustee of the Tony Khanuk Revocable Trust, and Jerry Chung, an individual, by their attorneys, Barbara L. Yong and Caren A. Lederer, of Golan Christie Taglia LLP, bring this Complaint against Defendant, Aevum, Inc., a Delaware Corporation, and in support thereof state as follows:

### Summary

1. In 2020, Plaintiffs, Tony Khanuk, as Trustee of the Tony Khanuk Revocable Trust, and Jerry Chung, individually, invested funds in Defendant, Aevum, Inc. Plaintiffs were given Warrants and Convertible Promissory Notes. The Notes have matured and are now due and payable.

2. Through counsel, Plaintiffs have made demand on Defendant for payment, but payment has not been forthcoming. As a result, Plaintiffs have filed this lawsuit seeking judgments against Defendant for the outstanding principal, interest, attorney's fees, costs and expenses in accordance with the provisions in the Notes.

## Parties

3. Plaintiff, Tony Khanuk, brings this cause in his capacity as Trustee of the Tony Khanuk Revocable Trust ("Plaintiff" or the "Trust"). Mr. Khanuk is an Illinois resident and the situs of the Trust is Illinois.

4. Plaintiff, Jerry Chung ("Plaintiff" or "Chung"), is a Florida resident, and is therefore a citizen of Florida.

5. Defendant, Aevum, Inc. ("Defendant or Aevum") is a Delaware corporation headquartered at 2211 Seminole Drive SW, Huntsville, Alabama 35805.

## Jurisdiction and Venue

6. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because the Plaintiff Trust owns property within this judicial district.

## COUNT I
## Breach of Contract, the Trust Note dated January 16, 2020

8. The allegations in paragraphs 1 through 7 are incorporated by reference in this paragraph 8 as if fully set forth herein.

9. In consideration of the investment made by the Trust, on or about January 16, 2020, Jay Skylus, in his capacity as CEO of Defendant, Aevum, Inc., executed a Convertible Promissory Note in the principal amount of $200,000.00 in favor of Tony Khanuk, as Noteholder (hereinafter referred to as "Khanuk Note No. 1"). A copy of Khanuk Note No. 1 is attached hereto as Exhibit A.

10. Section 20 of Khanuk Note No. 1 provides that it shall be construed, enforced and governed by the internal laws of the State of Alabama. The Note does not contain a forum selection clause.

11. The principal balance under Khanuk Note No. 1 bears simple interest at the rate of eight percent (8%) per annum.

12. The maturity date of Khanuk Note No. 1 was October 15, 2021.

13. On or about January 15, 2022, Tony Khanuk and Jay Skylus, as CEO of Aevum, executed an Amendment to Convertible Promissory Note (the "Amendment") extending the maturity date of Khanuk Note No. 1 to May 31, 2022. The Amendment also changes the Noteholder of Khanuk Note No. 1 to the Trust. A copy of the Amendment is attached hereto as Exhibit B.

14. Khanuk Note No. 1 provides that the then outstanding principal balance and all interest accrued thereon shall be due and payable in full to the Noteholder on the maturity date.

15. Khanuk Note No. 1, as amended, matured on May 31, 2022, but Aevum has failed and refused to pay any of the principal or interest due thereunder.

16. By letter dated September 22, 2022, the Trust, through its counsel, made demand for payment (the "Demand Letter"). A copy of the Demand Letter is attached hereto as Exhibit C.

17. Despite the Trust's demand, Aevum has continued to fail and refuse to pay any amounts due under Khanuk Note No. 1.

18. Section 9 of Khanuk Note No. 1 provides that if attorneys are engaged by the Noteholder to collect Aevum's obligations, Aevum will pay all of the Noteholder's costs, attorney's fees and expenses incurred in connection therewith, in addition to all other amounts due under the Note.

19. As of December 13, 2022, the amount due and owing under Khanuk Note No. 1 is $246,503.63, which includes principal of $200,000.00 and accrued interest of $46,503.63. Interest continues to accrue at the per diem rate of $43.83.

20. The Trust has fully performed its obligations under Khanuk Note No. 1.

21. As a result of its failure to pay the balance due under Khanuk Note No. 1, Aevum has breached its obligations thereunder.

22. The Trust has been materially damaged by Aevum's breach and is entitled to payment of all amounts due under Khanuk Note No. 1, including outstanding principal, accrued interest, attorney's fees and expenses and court costs incurred through the date of judgment.

WHEREFORE, Plaintiff, Tony Khanuk, as Trustee of the Tony Khanuk Revocable Trust, requests this Honorable Court enter judgment in its favor and against Defendant, Aevum, Inc., in the amount of $246,503.63, plus all interest which accrues on and after December 14, 2022, its attorney's fees and expenses, and costs of suit, and grant such other and further relief as this Court deems just and proper.

## COUNT II
### Breach of Contract, the Trust Note dated July 31, 2020

23. The allegations in paragraphs 1 through 7 are incorporated by reference in this paragraph 23 as if fully set forth herein.

24. In consideration of the investment made by the Trust, on or about July 31, 2020, Jay Skylus, in his capacity as CEO of Defendant, Aevum, Inc., executed a Convertible Promissory Note in the principal amount of $300,000.00 in favor of Tony Khanuk, as Noteholder (hereinafter referred to as "Khanuk Note No. 2". A copy of Khanuk Note No. 2 is attached hereto as Exhibit D.

25. Section 20 of Khanuk Note No. 2 provides that it shall be construed, enforced and governed by the internal laws of the State of Delaware. The Note does not contain a forum selection clause.

26. The principal balance under Khanuk Note No. 2 bears simple interest at the rate of eight percent (8%) per annum for the first twelve (12) months, ten percent (10%) during months thirteen (13), fourteen (14) and fifteen (15), and thirteen percent (13%) during months sixteen (16) through twenty-four (24). Interest is to be computed based on a 365 day year for actual days elapsed.

27. The maturity date of Khanuk Note No. 2 was July 31, 2022.

28. Khanuk Note No. 2 provides that the then outstanding principal balance and all interest accrued thereon shall be due and payable in full to the Noteholder on the maturity date.

29. Khanuk Note No. 2 matured on July 31, 2022, but Aevum has failed and refused to pay any of the principal or interest due thereunder.

30. By letter dated September 22, 2022, (the Demand Letter attached hereto as Exhibit C), the Trust, through its counsel, made demand for payment.

31. Despite the Trust's demand for payment, Aevum has continued to fail and refuse to pay any amounts due under Khanuk Note No. 2.

32. Section 9 of Khanuk Note No. 2 provides that if attorneys are engaged by the Noteholder to collect Aevum's obligations, Aevum will pay all costs, attorney's fees and expenses in connection therewith, in addition to all other amounts due under the Note.

33. As of December 13, 2022, the amount due and owing under Khanuk Note No. 2 is $360,731.50, which includes principal of $300,000.00 and accrued interest of $60,731.50.

34. The Trust has fully performed its obligations under Khanuk Note No. 2.

35. As a result of its failure to pay the balance due under Khanuk Note No. 2, Aevum has breached its obligations thereunder.

36. The Trust has been materially damaged by Aevum's breach and is entitled to payment of all amounts due under the Khanuk Note No. 2, including the outstanding principal, accrued interest, costs, attorney's fees and expenses incurred through the date of judgment.

WHEREFORE, Plaintiff, Tony Khanuk, as Trustee of the Tony Khanuk Revocable Trust, requests this Honorable Court enter judgment in its favor and against Defendant, Aevum, Inc., in the amount of $360,731.50, plus its attorney's fees, expenses, and costs of suit, and grant such other and further relief as this Court deems just and proper.

## COUNT III
### Breach of Contract, Chung Note dated January 24, 2020

37. The allegations in paragraphs 1 through 7 are incorporated by reference in this paragraph 37 as if fully set forth herein.

38. In consideration of the investment made by Plaintiff Chung, on or about January 24, 2020, Jay Skylus, in his capacity as CEO of Defendant, Aevum, Inc., executed a Convertible Promissory Note in the principal amount of $100,000.00 in favor of Jerry Chung, as Noteholder (hereinafter referred to as "Chung Note No. 1"). A copy of Chung Note No. 1 is attached hereto as Exhibit E.

39. Section 20 of Chung Note No. 1 provides that it shall be construed, enforced and governed by the internal laws of the State of Alabama. The Note does not contain a forum selection clause.

40. The principal balance under Chung Note No. 1 bears simple interest at the rate of eight percent (8%) per annum.

41. The maturity date of Chung Note No. 1 was October 15, 2021.

42. On or about January 23, 2022, Chung and Jay Skylus, in his capacity as CEO of Aevum executed an Amendment to Convertible Promissory Note (the "Amendment") extending the maturity date of Chung Note No. 1 to May 31, 2022. A copy of the Amendment is attached hereto as Exhibit F.

43. Chung Note No. 1 provides that the then outstanding principal balance and all interest accrued thereon shall be due and payable in full to the Noteholder on the maturity date.

44. Chung Note No. 1, as amended, matured on May 31, 2022, but Aevum has failed and refused to pay any of the principal or interest due thereunder.

45. By letter dated September 22, 2022, Chung, through his counsel, made demand for payment (the "Chung Demand Letter"). A copy of the Chung Demand Letter is attached hereto as Exhibit G.

46. Despite Chung's demand, Aevum has failed to pay any amounts due under Chung Note No. 1.

47. Section 9 of the Chung Note No. 1 provides that if attorneys are engaged by the Noteholder to collect Aevum's obligations, Aevum will pay all costs, attorney's fees and expenses in connection therewith, in addition to all other amounts due under the Note.

48. As of December 13, 2022, the amount due and owing under Chung Note No. 1 is $123,081.76, which includes principal of $100,000.00 and accrued interest of $23,081.76. Interest continues to accrue at the per diem rate of $21.92.

49. Chung has fully performed its obligations under Chung Note No. 1.

50. As a result of its failure to pay the balance due under Chung Note No. 1, Aevum has breached its obligations thereunder.

51. Chung has been materially damaged by Aevum's breach and is entitled to payment of all amounts due under Chung Note No. 1, including the outstanding principal, accrued interest, costs, attorney's fees and expenses incurred through the date of judgment.

WHEREFORE, Plaintiff, Jerry Chung, requests this Honorable Court enter judgment in his favor and against Defendant, Aevum, Inc., in the amount of $123,081.76, plus all interest which accrues on and after December 14, 2022, its attorney's fees and expenses, and costs of suit, and grant such other and further relief as this Court deems just and proper.

## COUNT IV
### Breach of Contract, Chung Note dated July 31, 2020

52. The allegations in paragraphs 1 through 7 are incorporated by reference in this paragraph 52 as if fully set forth herein.

53. In consideration of the investment made by Plaintiff Chung, on or about July 31, 2020, Jay Skylus, in his capacity as CEO of Defendant, Aevum, Inc., executed a Convertible Promissory Note in the principal amount of $300,000.00 in favor of Jerry Chung, as Noteholder (hereinafter referred to as "Chung Note No. 2"). A copy of Chung Note No. 2 is attached hereto as Exhibit H.

54. Section 20 of Chung Note No. 2 provides that it shall be construed, enforced and governed by the internal laws of the State of Delaware. The Note does not contain a forum selection clause.

55. The principal balance under Chung Note No. 2 bears simple interest at the rate of eight percent (8%) per annum for the first twelve (12) months, ten percent (10%) during months thirteen (13), fourteen (14) and fifteen (15), and thirteen percent (13%) during months sixteen (16) through twenty-four (24). Interest is to be computed based on a 365 day year for actual days elapsed.

56. The maturity date of Chung Note No. 2 was July 31, 2022.

57. Chung Note No. 2 provides that the then outstanding principal balance and all interest accrued thereon shall be due and payable in full to the Noteholder on the maturity date.

58. Chung Note No. 2 matured on July 31, 2022, but Aevum has failed and refused to pay any of the principal or interest due thereunder.

59. By letter dated September 22, 2022, (the Chung Demand Letter attached hereto as Exhibit G), Chung, through his counsel, made demand for payment.

60. Despite Chung's demand, Aevum has failed to pay any amounts due under Chung Note No. 2.

61. Section 9 of Chung Note No. 2 provides that if attorneys are engaged by the Noteholder to collect Aevum's obligations, Aevum will pay all costs, attorney's fees and expenses in connection therewith, in addition to all other amounts due under the Note.

62. As of December 13, 2022, the amount due and owing under Chung Note No. 2 is $360,731.50, which includes principal of $300,000.00 and accrued interest of $60,731.50.

63. Chung has fully performed its obligations under Chung Note No. 2.

64. As a result of its failure to pay the balance due under Chung Note No. 2, Aevum has breached its obligations thereunder.

65. Chung has been materially damaged by Aevum's breach and is entitled to payment of all amounts due under Chung Note No. 2, including the outstanding principal, accrued interest, costs, attorney's fees and expenses incurred through the date of judgment.

WHEREFORE, Plaintiff, Jerry Chung, requests this Honorable Court enter judgment in his favor and against Defendant, Aevum, Inc., in the amount of $360,731.50, plus his attorney's fees

and expenses, and costs of suit, and grant such other and further relief as this Court deems just and proper.

TONY KHANUK, as Trustee of THE TONY KHANUK REVOCABLE TRUST, Plaintiff,

By: *Barbara L. Yong*
One of his attorneys

JERRY CHUNG, Plaintiff,

By: *Barbara L. Yong*
One of his attorneys

Barbara L. Yong, Esq. (IL Atty. No. 6184000)
Caren A. Lederer, Esq. (IL Atty. No. 6244631)
GOLAN CHRISTIE TAGLIA LLP
70 W. Madison, Suite 1500
Chicago, IL 60602
(312) 263-2300

Plaintiffs' Attorneys